**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Joel Washington, | ) | Civil Action No. 2:20-1144-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The Boeing Company, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that The Boeing Company, Inc.'s ("Boeing") partial motion to dismiss the second amended complaint be granted in part and denied in part. (Dkt. No. 46.) For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R as the order of the Court.

I.     **Background**

Plaintiff Joel Washington has been an employee of Boeing since approximately 2015. He alleges that during the first two years of his employment, he "experienced racial discrimination, racially disparate treatment and adversity." Specifically, in the Second Amended Complaint he alleges that he was told to stay late, work extra shifts and do mandatory weekend overtime that Caucasian co-workers were not asked to do. He complained of this to management, but his complaints were not addressed. Then, around 208 he began reporting to a particular manager who made a practice of sending African American employees to work in Building 8822, which had undesirable and hazardous working conditions. Plaintiff was denied training opportunities and when he applied to his manager for a promotion, the manager stalled the application process and lesser-qualified Caucasians were hired. Eventually, Plaintiff obtained the promotion, but received less than half the pay increase of his Caucasian counterparts. Around January 2020,

Plaintiff returned to work from a medical leave and received two corrective actions from Caucasian employees, one of which Boeing subsequently overturned and remoted from Plaintiff's record, which Plaintiff contends were pretextual racial discrimination. (Dkt. No. 36 ¶¶ 5-13.)

Plaintiff brings four claims: race discrimination/racially hostile work environment in violation of 42 U.S.C. § 1981 (Count 1), breach of contract (Count 2), breach of contract accompanied by a fraudulent act (Count 3), and retaliation in violation of § 1981 (Count 4). Boeing moves to dismiss all claims, except for Count 1's claim for race discrimination. (Dkt. No. 41.) The Magistrate Judge recommends that the motion be granted in part and denied in part. Plaintiff objected to this recommendation and Boeing replied. (Dkt. Nos. 50, 51.)

## II.     Legal Standard

### A.     Review of the R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.      Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if

the Complaint fails "to state a claim upon which relief can be granted."  To survive a motion to

dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2).  A complaint has "facial plausibility"

where the pleading "allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 at 679.  The district court's "inquiry then is limited to

whether the allegations constitute a short and plain statement of the claim showing that the

pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (internal quotation marks and citation omitted).  The court must "assume the truth of all

facts alleged in the complaint and the existence of any fact that can be proved, consistent with

the complaint's allegations," but it "need not accept as true unwarranted inferences, unreasonable

conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180

(4th Cir. 2000).

**III.     Discussion**

**A.      Count 1's Claim for Racially Hostile Work Environment is Not Dismissed.**

Count 1 alleges that Plaintiff is a member of a protected group on the basis of race and

was subjected to disparate treatment and a hostile work environment due to his race, in violation

of 42 U.S.C. § 1981, to which his Caucasian colleagues were not subject. Specifically, beginning

in 2018, Boeing allowed Plaintiff's manager to assign African American employees to

unsanitary and undesirable areas of the facility, to stall Plaintiff's promotion application while

Caucasian counterparts were promoted, to make racially derogatory comments to Plaintiff, to

micro-manage Plaintiff's work, and to set and enforce a different standard of protocol for Caucasian employees than African American employees.  (Dkt. No. 36 ¶¶ 14-23.)

A hostile environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 51- U.S. 17, 21 (1993).  "Thus, to prevail on a Title VII claim that a workplace is racially hostile, a plaintiff must show there is (1) unwelcome conduct; (2) based on the plaintiff's . . . race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.  The same applies to a hostile work environment claim asserted under 42 U.S.C.  § 1981." *Boyer-Liberto v. Fontainbleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (internal quotation marks and citations omitted).  The third element of the claim "requires a showing that the environment would reasonably be perceived, and is perceived, as hostile and abusive[.]" *Id*.  "Whether an environment is objectively hostile or abusive is judged from the perspective of a reasonable person in the plaintiff's position.  That determination is made by looking at all the circumstances, which may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. Although most viable hostile work environment claims often involve repeated conduct, an isolated incident of harassment can amount to discriminatory changes in the terms and conditions of employment if that incident is "extremely serious." *Id*. "For purposes of the employer's vicarious liability, the harasser qualifies as a supervisor, rather than a co-worker, if he or she is empowered to take tangible employment actions against the victim . . . such as hiring, firing, failing to promote, reassignment with

significantly different responsibilities, or a decision causing a significant change in benefits." *Id*. at 278.

The Magistrate Judge recommends that Count 1 be dismissed under Rule 12(b)(6) for setting forth merely conclusory allegations rather than factual allegations. The Court is declines to adopt that recommendation. The pleading, construed in a light most favorable to the non-movant, sets forth sufficient allegations to put Boeing on adequate notice of the claim at this stage of the proceedings. Boeing may challenge the merits of the claim after a full record has been developed. Count 1's claim for hostile work environment is not dismissed.

**B.    Count 2 for Breach of Contract and Count 3 for Breach of Contract Accompanied by a Fraudulent Act are Dismissed.**

The Second Amended Complaint alleges that Boeing's Employee Handbook "definitively assures employees of their right to report harassment and bullying, and an anti-retaliation clause," the Equal Employment Opportunity Policy states "there will be no discrimination as to race" and the Code of Conduct provides that "retaliation against those who come forward to raise genuine concerns will not be tolerated." Plaintiff alleges that he entered into a "binding and valid contract" with Boeing "whereby Plaintiff relied on" these policies, but Boeing violated "the contractual anti-retaliation provisions within Defendant's employment handbook (contract), the EEO policy, Code of Conduct, and other contractual policies and procedures." (Dkt. No. 36 ¶¶ 24-35.)

A plaintiff alleging breach of contract must plead the existence of a valid contract, consisting of offer, acceptance and consideration. *Roberts v. Gaskins*, 486 S.E.2d 771, 773 (1997). In South Carolina, there is a presumption of at-will employment. *Prescott v. Farmer's Tel. Co-Op., Inc.*, 516 S.E.2d 923, 927 n.8 (1999). Therefore, the employee plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-

will relationship." *Amason v. P.K. Mgmt., LLC*, No. 3:10-cv-1752-JFA, 2011 WL 1100169, at *6 (D.S.C. Mar. 23, 2011). This requires pleading that the employee and employer entered into a contract "with terms of employment that limited the duration of the relationship or the right of termination or both." *Weaver v. John Lucas Tree Expert Co.*, No. 2:13-cv-1698-PMD, 2013 WL 5587854, at *6 (D.S.C. Oct. 10, 2013). In some instances, an employer may alter the employee's at-will status through mandatory language in a handbook. *Grant. v. Mount Vernon Mills, Inc.*, 634 S.E.2d 15, 20 (S.C. Ct. App. 2006). To be considered mandatory language, the purported contract must be "definitive in nature, promising specific treatment in specific situations." *Anthony v. Atl. Grp., Inc.*, 909 F. Supp. 2d 455, 467 (D.S.C. 2012). It must not be "couched in permissive language" such as "normally" and "should." *Grant*, 634 S.E.2d at 21-22. The plaintiff "must direct the court to some particular provision he claims was violated that limited the employer's right to discharge him" and "the handbook promise must restrict the right of an employer to discharge." *Lawrence v. Westinghouse Savannah River Co., Inc.*, No. 1:03-cv-0484-27, 2005 WL 36968031, at *4 (D.S.C. Mar. 31, 2005).

The Magistrate Judge recommends dismissing Count 2 because the portions of the policies that Plaintiff contends are mandatory and promissory terms are instead standard anti-discrimination and non-retaliation provisions that are insufficient to overcome the presumption of at-will employment. This Court agrees. *See, e.g.*, *King v. Marriott Int'l Inc.*, 520 F. Supp. 2d 748, 756 (D.S.C. 2007), *aff'd*, 267 Fed.Appx. 301 (4th Cir. 2008); *Petrosyan v. Delfin Grp. USA, LLC*, No. 2:13-cv-2990-PMD, 2015 WL 685266, at *12 (D.S.C. Feb. 18, 2015); *Perrine v. G4S Secure Solutions (USA), Inc.*, No. 2:11-cv-1210-RMG, 2011 WL 3563110, at *1 (D.S.C. Aug. 9, 2011). Count 2 is, therefore, dismissed for failing to state a claim upon which relief can be granted.

Because the Second Amended Complaint fails to sufficiently plead a claim for breach of contract, it also fails to plead Count 3 for breach of contract accompanied by fraudulent conduct. Count 3 is therefore dismissed.

**C.     Count 4 for Retaliation in Violation of § 1981 is Not Dismissed.**

The Second Amended Complaint alleges that Plaintiff reported Boeing of the racial harassment and mistreatment, but Boeing retaliated "by practicing a continuing pattern of animus, harassment, and denial of opportunities and relocations" as well as "pretextual disciplinary actions, one of which was later determined to be unsubstantiated by Defendant's agents and removed from Plaintiff's personnel record." (Dkt. No. 36 ¶¶ 42-47.)

To state a claim for retaliation, Plaintiff must allege that (1) he engaged in activity protected under § 1981, (2) Defendant took an adverse employment action against him, and (3) a causal connection exists between the protected activity and the adverse action. *Evans v. Int'l Paper Co.*, 936 F.3d 183, 195 (4th Cir. 2019).  An adverse employment action is one that a reasonable employee would have found it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Regarding the third element, "very little evidence of a causal connection is required to establish a *prima facie* case of retaliation." *Burgess v. Bowen*, 466 Fed.Appx. 272, 283 (4th Cir. 2012).

The Magistrate Judge recommends denying Boeing's motion to dismiss Count 4, and the Court agrees. Taking the Second Amended Complaint's factual allegations in a light most favorable to the non-movant—including the allegations that Plaintiff's manager stalled his promotion application while less-qualified Caucasian colleagues were promoted and that Plaintiff received less pay than similarly situated Caucasian colleagues—the pleading

-8-

sufficiently pleads that Plaintiff engaged in a protected activity, that Boeing took adverse employment action against him, and a facially plausible causation between the two. The Court denies Boeing's motion to dismiss Count 4.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** the R & R (Dkt. No. 46) as the order of the Court. Boeing's partial motion to dismiss (Dkt. No. 37) is **granted in part and denied in part**. Count 1's claim for hostile work environment is not dismissed. Count 1's claim for racial discrimination remains because it was not a target of this motion. Count 2 and Count 3 are dismissed. Count 4 is not dismissed.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 14, 2021
Charleston, South Carolina