IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joel Washington, | ) | Case No. 2:20-cv-1144-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| The Boeing Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 90) recommending that the Court grant Defendant's partial motion for summary judgment (Dkt. No. 65). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants Defendant's partial motion for summary judgment.

**I.    Background and Relevant Facts[1]**

    Plaintiff is an African American male who began working for Defendant as an aircraft painter in January 2017. Defendant has two paint departments: the Component Paint Department and the Decorative Paint Department. Plaintiff began working as a painter in the Component Paint Department but later moved to the Decorative Paint Department. Defendant states the sometime in 2017 the Component Paint Department experienced increased production demands and that, consequentially, painters from the Decorative Paint Department were sometimes sent to the

---

[1] At the outset, the Court notes that Plaintiff did not object to the R&R's factual recitation of this case. *See* (Dkt. No. 93 at 3). The Court also notes that the Magistrate Judge found Plaintiff had, in his opposition to Defendant's partial motion for summary judgment, abandoned numerous theories of liability against Defendant. (Dkt. No. 90 at 6 n.2). Plaintiff did not object to this finding. *See* (Dkt. No. 93). Accordingly, the Court discusses herein only those claims which the Magistrate Judge found Plaintiff had not abandoned and which were therefore treated substantively in the R&R.

Component Paint Department to assist. Plaintiff claims he began experiencing harassment and discrimination when Eric Infinger became his immediate supervisor in the Decorative Paint Department. Plaintiff claims Joseph Windham, another one of Plaintiff's managers, "perpetuated" this harassment and discrimination. Plaintiff claims Infinger subjected him to derogatory language and closely monitored his work. As pertinent here, Plaintiff alleges that Infinger discriminated against him by sending him to work in the Component Paint Department on various occasions. Plaintiff claims he had to "work full shifts sanding, while Caucasian workers did not."

On January 14, 2021, the Court granted in part and denied in part Defendant's motion to dismiss. (Dkt. No. 56). The Court dismissed Plaintiff's claims for breach of contract and breach of contract accompanied by a fraudulent act.

On April 19, 2021, Defendant filed a partial motion for summary judgment. (Dkt. No. 65). Defendant seeks summary judgment on Plaintiff's claims for (1) race discrimination and (2) retaliation under 42 U.S.C. § 1981. Defendant, however, does not move for summary judgment on Plaintiff's hostile work environment claim. That claim, therefore, proceeds to trial.

On October 25, 2021, the Magistrate Judge filed an R&R recommending that the Court grant Defendant's partial motion for summary judgment. (Dkt. No. 90). Plaintiff filed timely partial objections to the R&R, (Dkt. No. 93), to which Defendant replied, (Dkt. No. 94).

Defendant's motion is fully briefed and ripe for disposition.

## II. Legal Standards

### a. Fed. R. Civ. P. 56 — Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in

favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### b. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed *de novo*.

### III.  Discussion

After a careful review of the R&R, the relevant record, and Plaintiff's objections, the Court finds that the Magistrate Judge correctly determined that Defendant is entitled to summary

judgment on Plaintiff's claims for racial discrimination and retaliation under § 1981. The Court discusses each claim in turn.

**Race Discrimination**

First, the Magistrate Judge recommended, under the burden shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), granting Defendant summary judgment on Plaintiff's § 1981 claim for racial discrimination. (Dkt. No. 90 at 6-16). *See Flowers v. International Longshoreman's Ass'n Local 1422*, No. 2:19-cv-00254-DCN-MGB, 2019 WL 6093255, at *9 (D.S.C. June 4, 2019), *adopted sub nom. Flowers v. International Longshoremen's Ass'n Local 1422*, No. 2:19-cv-00254-DCN, 2019 WL 3927444 (D.S.C. Aug. 20, 2019) (A *prima facie* case for race discrimination under § 1981 requires that: (1) the plaintiff is a member of a protected class; (2) the plaintiff performed his job in a satisfactory manner; (3) the plaintiff was subjected to an adverse employment action; and (4) the plaintiff was treated differently than similarly situated individuals outside of his protected class.). Regarding his assignments to the Component Paint Department, the Magistrate Judge found that Plaintiff could not establish element (3)—that Plaintiff suffered an adverse employment action based on these assignments. Plaintiff objected to this finding. (Dkt. No. 93 at 3-9).

"[An] adverse employment action is 'an absolute precondition' to an employment discrimination suit." *Batten v. Grand Strand Dermatology, LLC*, C/A No. 4:18-cv-0616-MGL-TER, 2019 WL 9667692, at *6 (D.S.C. Dec. 20, 2019) (quoting *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985)). Not every personnel decision constitutes an adverse employment action for purposes of a disparate treatment claim. *Hemphill v. United Parcel Serv., Inc.*, 975 F. Supp. 2d 548, 570 (D.S.C. 2013); *see also Thorn v. Sebelius*, 766 F. Supp. 2d 585, 599 (D. Md. 2011), *aff'd*, 465 F. App'x 274 (4th Cir. 2012) ("[N]ot everything that makes an employee unhappy

is actionable adverse action."). Rather, an adverse employment action is explicitly limited to those actions that affect employment or alter the conditions of the workplace. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006). In other words, an alleged discriminatory act must "adversely affect[] the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (internal quotation omitted). "Typical examples of adverse employment actions include 'discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, [and] reduced opportunities for promotion.'" *Cole v. Wake Cty. Bd. of Educ.*, 494 F. Supp. 3d 338, 345 (E.D.N.C. 2020), *aff'd*, 834 F. App'x 820 (4th Cir. 2021), *cert. denied sub nom. Cole v. Wake Cty. BD. of ED.*, No. 20-1373, 2021 WL 2302100 (U.S. June 7, 2021) (quoting *Boone v. Goldin*, 178 F.3d 253, 255–56 (4th Cir. 1999)).

After careful consideration of the R&R, the relevant record, and Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly found that Plaintiff had not created a question of material fact as to whether being assigned to the Component Paint Department was an adverse employment action. As the Magistrate Judge correctly noted in detail in the R&R, it is undisputed that Plaintiff was not permanently reassigned to the Component Paint Department, *see, e.g.*, *Haggins v. Sam's E., Inc.*, No. 3:13-cv-1596-MBS, 2015 WL 5781390, at *8 (D.S.C. Sept. 30, 2015) ("Temporary changes to assigned tasks or workload are not adverse employment actions."); (Dkt. No. 65-2 at 30, 59) (Plaintiff deposition testimony to this effect); (Dkt. No. 65-4 at 6) (qualitative data to this effect), and that Plaintiff's assignments had no negative impact on his pay, potential for continued employment, or ability to be promoted, *Blakney v. N. Carolina A&T State Univ.*, No. 1:17-cv-874, 2019 WL 1284006, at *15 (M.D.N.C. Mar. 20, 2019) (noting that adverse employment actions "must generally impact an employee's pay, potential for continued employment, or likelihood of promotion within the organization"). *See* (Dkt. No 65-1)

(showing plaintiff received four pay increases totaling approximately $15,000 and a promotion during the relevant period, a finding Plaintiff does not dispute); (Dkt. No. 93 at 4-5) (nowhere objecting to or disputing this finding). Further, the Magistrate Judge correctly observed that workers in both paint departments were required to clean and sand, (Dkt. No. 90 at 13-14) (citing declaration of Robert Jernigan, (Dkt. No. 65-3 at 5) (noting that all painters must clean up areas as they go and that all painters are required to pick up their trash as part of the work process)), and that, even assuming Plaintiff was required to do more sanding while working in the Component Paint Department, he would not have experienced a significant change in his job responsibilities, (*Id.* at 13). *See Vedula v. Azar*, No. 8:18-cv-0386-TDC, 2020 WL 5500279, at *9 (D. Md. Sept. 11, 2020) (finding no adverse employment action where "additional" work assignments were "largely memorialized duties and responsibilities that were already required of employees in [plaintiff's] position"). Thus, the Magistrate Judge correctly concluded that Plaintiff had failed to show that his temporary assignments working in the Component Paint Department had a significant detrimental effect on his employment. Plaintiff filed objections to this finding, which the Court addresses below.

Plaintiff objects that the Magistrate Judge's above findings were erroneous because Infinger's harassment of Plaintiff constituted "humiliation, intimidation, *constructive demotion*, and loss of confidence in Defendant's evaluation and promotional system." (Dkt. No. 93 at 5-6) (emphasis added).

The Court rejects the above objections. First, Plaintiff never raised a constructive demotion argument in his opposition to Defendant's partial motion for summary judgment, thus waiving it. *See generally* (Dkt. No. 69); *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 619 (D.S.C. 2017) ("Parties should . . . fully advance their arguments, at all stages of the litigation,

unless they are prepared to waive them.") (citation omitted). Second, even if the argument were timely, Plaintiff applies the wrong standard in his objections. While Plaintiff argues that the assignments to the Component Paint Department did not properly utilize his experience, a constructive demotion claim examines whether an assignment forced an employee to seek a demotion or transfer to another department. *See Cuffee v. Tidewater Cmty. Coll.*, 409 F. Supp. 2d 709, 718–19 (E.D. Va.), *aff'd*, 194 F. App'x 127 (4th Cir. 2006) (requiring a plaintiff to prove his employer "deliberately made [his] working conditions intolerable for the purpose of *forcing* [the employee] *to seek a demotion/transfer to another department*" to establish a constructive discharge claim) (emphasis added).

Next, Plaintiff argues that genuine issues of material fact exist as to whether Plaintiff's assignments to the Component Paint Department were adverse employment actions because Defendant's policy regarding cleaning responsibilities was "discriminatorily applied, leaving African American employees to complete these tasks rather than their Caucasian comparators." (Dkt. No. 93 at 6). For the reasons already stated above, however, the Court overrules this objection. Namely, Plaintiff's objection fails to show or otherwise explain how working in the Component Paint Department had a significant detrimental effect on Plaintiff's employment. *See* (Dkt. No. 90 at 14); *Wandji v. Wilkie*, No. 2:18-cv-03036-RMG-MGB, 2020 WL 7647552, at *16 (D.S.C. Nov. 9, 2020), *adopted*, 2020 WL 7237922 (D.S.C. Dec. 9,2020), *aff'd sub nom. Wandji v. McDonough*, 850 F. App'x 851 (4th Cir. 2021) (noting that plaintiff's "temporary re-orientation" did not constitute a material job change because plaintiff continued to perform many of his

previous duties, returned to those duties following his re-orientation, and the re-orientation did not result in a change to his job title or overall level of responsibility).[2]

Accordingly, the Court grants Defendant summary judgment on Plaintiff's § 1981 race discrimination claim.

**Retaliation Claim**

The Magistrate Judge recommended, under the *McDonnell Douglas* burden shifting framework, granting Defendant summary judgment on Plaintiff's § 1981 retaliation claim. (Dkt. No. 93 at 16-20). Plaintiff objected to this finding.

Under § 1981, to state a retaliation claim, a plaintiff must first make a *prima facie* showing of retaliation by proving that: (1) he engaged in a protected activity; (2) his employer took a materially adverse action against him; and (3) there was a causal link between the two events. *Perkins v. Intl'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) ("A prima facie retaliation claim under 42 U.S.C. § 1981 has the same elements [as a Title VII retaliation claim]."). Under § 1981, "an employee opposes race discrimination when she 'communicates to her employer a belief that the employer has engaged in' such discrimination." *Ali v. BC Architects Engineers, PLC*, 832 F. App'x 167, 172 (4th Cir. 2020), *as amended* (Oct. 16, 2020) (quoting *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009)). An employee is protected from retaliation for reporting both "employment actions actually unlawful under [§ 1981]" and "employment actions she reasonably believes to be unlawful." *Id.* (quoting *Boyer-Liberto*, 786 F.3d at 282). "In line

---

[2] Plaintiff also objects that the Magistrate Judge wrongfully found that his race discrimination claim was undermined by the fact Plaintiff "volunteer[ed]" to work in the Component Paint Department. (Dkt. No. 93 at 8). The Magistrate Judge made no such finding in the R&R, however, and the Court thus overrules this objection. *See generally* (Dkt. No. 93).

with other § 1981 claims, to state a § 1981 retaliation claim, a plaintiff must allege facts rendering it plausible that, but for her participation in protected activity, she would not have suffered a materially adverse action." *Id.* at 172–73 (citing *Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 217–18 (4th Cir. 2016); *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020)). The Magistrate Judge found that Plaintiff could not establish either the second or third elements of a § 1981 retaliation claim.

The Court finds that the Magistrate Judge ably addressed the issues and correctly found that Defendant is entitled to summary judgment on Plaintiff's retaliation claim. The Magistrate Judge correctly noted that Plaintiff could not establish element two—that Defendant had taken a materially adverse action against Plaintiff because, as noted *supra*, Plaintiff's assignments in the Component Work Department were temporary and had no impact on his pay or promotion opportunities. (Dkt. No. 90 at 18-19). As to causation, the Magistrate Judge correctly stated:

> Plaintiff must show that the decisionmaker responsible for an alleged retaliatory act had knowledge that he engaged in protected activity and retaliated against him because of that protected activity in order to establish a causal connection. In an attempt to make this showing, Plaintiff points to personal deposition testimony stating that he was assigned to the Component Paint Department more often following his protected complaints. (Dkt. No. 69 at 18.) However, he provides no citation to this testimony and the undersigned cannot locate the referenced testimony in the record. (*Id.*) Regardless, Plaintiff directs the Court to no evidence indicating that he actually made his protected complaints prior to any of his assignments to the Component Paint Department, or that he was assigned to the Component Paint Department because of those complaints. (*Id.* at 5–6, 17–18.) Without more, the undersigned simply cannot draw a reasonable inference that Defendant retaliated against Plaintiff by sending him to work in the Component Paint Department

(*Id.* at 19-20) (certain internal citations omitted). Plaintiff objected to the Magistrate Judge's recommendation that the Court grant Defendant summary judgment on his retaliation claim.

The Court overrules Plaintiff's objections. (Dkt. No. 93 at 9-11). In his objections, Plaintiff states that the Magistrate Judge "relies on the time lapse between Plaintiff's protected activity and defendant's retaliatory acts to negate a casual link between Plaintiff's complaints and the retaliatory actions" taken against Plaintiff. (*Id.* at 9). As shown above, however, Plaintiff misstates the Magistrate Judge's analysis of his claim. As to causation, the Magistrate Judge found—and Plaintiff nowhere disputes—that Plaintiff provided no evidence whatsoever of when his alleged protected activity took place. *See* (Dkt. No. 90 at 19-20). Accordingly, Plaintiff's objection is overruled.

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R, (Dkt. No. 90), as the Order of the Court, and **GRANTS** Defendant's partial motion for summary judgment, (Dkt. No. 65). The Court grants Defendant summary judgment on Plaintiff's race and retaliation claims under § 1981. Plaintiff's claim for hostile work environment, however, shall proceed to trial.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 15, 2021
Charleston, South Carolina