# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Joel Washington, | ) | Civil Action No. 2:20-cv-1144-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Boeing Company, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Defendant's motion for partial summary judgment, (Dkt. No. 101), regarding Plaintiff's racially hostile work environment claim be denied. (Dkt. No. 108). Defendant has filed objections to the R&R and Plaintiff has filed a reply. (Dkt. Nos. 109, 110).

## I.    Legal Standards

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R&R to which a party specifically objects. Fed. R. Civ. P. 72(b)(2). Where a party fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R&R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-

1

RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Because Defendant filed objections to the R&R, the R&R is reviewed *de novo*.

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure should be granted only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Facts are material where they "might affect the outcome" of the case, and a "genuine issue" exists where the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Further, the nonmoving party's evidence "is to believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

**II.     Discussion**

Plaintiff went to work at Defendant Boeing in 2017 in the Component Paint Department and was subsequently transferred to the Decorative Paint Department. Plaintiff alleges that he was subject to harassment and derogatory language by two managers of Defendant. This allegedly included referring to Plaintiff as "boy," singling him out for criticism when he used the restroom, and delaying approval of a promotion in which Plaintiff was eligible. (Dkt. No. 108 at 2). The Magistrate Judge, utilizing the "totality of circumstances" standard of *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir. 2001), carefully examined the alleged multiple actions, comments and conduct of certain managers of Defendant and concluded that Plaintiff set forth a *prima facie* hostile work environment claim and there were genuine issues of material fact regarding both Plaintiff's claims and Defendant's defenses. (*Id*. at 6, 11). The Magistrate Judge recommended denial of the Defendant's motion for summary judgment on the hostile work environment claim.

Defendant objects to the R&R, arguing that since the Court previously granted summary judgment on specific race discrimination claims, it was improper to find the presence of a racially hostile work environment. The Magistrate Judge ably distinguished the factual and legal differences in those claims and correctly concluded that the grant of summary judgment to Defendant regarding racial discrimination claims involving specific employment actions did not foreclose a finding of a racially hostile work environment based on a "totality of circumstances" standard. (*Id*. at 6-10).

Defendant further argues that the Magistrate Judge erred in concluding that it could not sustain its affirmative defense under the *Faragher*/*Ellerth* defense. Under this defense, an employer can avoid liability by showing that the employer exercised reasonable care to prevent harassing behavior and the Plaintiff unreasonably failed to take advantage of the company's preventive or corrective measures. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). Plaintiff challenges this defense, asserting that he reported multiple instances of alleged harassment to the company without obtaining relief. The Magistrate Judge found, and the Court agrees, that there are material factual disputes concerning whether Plaintiff failed to take advantage of company procedures for preventing racial harassment. (*Id*. at 10-12).

### III.    Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R (Dkt. No. 108) as the Order of the Court.   Defendant's motion for partial summary judgment (Dkt. No. 101) is **DENIED**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

June 14, 2022
Charleston, South Carolina